UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAY ROPP, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| *vs*. | ) | 1:10-cv-00008-JMS-DML |
| | ) | |
| STRYKER CORPORATION and STRYKER BIO-TECH, LLC, | ) ) | |
|     *Defendants.* | ) | |

**ORDER**

Presently pending are two motions that address the same issue:  Should the Court delay litigation in this product liability case while the Plaintiff pursues a medical malpractice claim against two health care providers in a proceeding before the Indiana Department of Insurance? *See* Motion to Amend/Correct Complaint, [dkt 27]; and Motion to Treat Plaintiff's Reply as a Motion to Stay, [dkt. 30].

Plaintiff first seeks to amend its complaint here to add – as anonymous defendants – the health care providers against which he is pursuing his malpractice case.  That requested relief is unopposed, and Plaintiff's Motion to Amend/Correct Complaint, [dkt. 27], is therefore **GRANTED IN PART** to add the anonymous defendants.[1]

The more controversial request is Plaintiff's pursuit of a stay while the state malpractice panel review process is completed.  Plaintiff anticipates that the process will come to a close by 2011, but, of course, can provide no guarantees.  Plaintiff suggests that because Defendants here blame the health care providers and because the health care providers blame the Defendants, all

---

[1] Plaintiff's motion originally also sought a remand, but in his reply brief, Plaintiff abandoned that request.  As such, the motion is **DENIED AS MOOT** to the extent that it sought a remand.

- 1 -

litigation should be stayed pending the panel review process to avoid the possibility of inconsistent outcomes. Plaintiff raises a valid concern, but so do Defendants.

Defendants worry that if this case were stayed then they would be outside the discovery process of the state malpractice proceeding. They further note the differing theories Plaintiff presents against them and the health care providers, and point out that it is most unlikely that the malpractice review process will resolve the claim against them. Thus they urge the Court to deny the stay.

Given that the anonymous Defendants are now part of this case, the Court finds that appropriate case management can address both parties concerns, without resort to the extraordinary relief of a stay. The magistrate judge and the current parties, along with the newly added parties, can craft a case management plan that will acknowledge the malpractice review process without undermining vigorous pursuit of litigation with the Stryker Defendants. Other issues that may arise (*e.g.* potential invocation of a Fifth Amendment privilege by certain of Defendants' representatives) can be addressed as they arise.

## CONCLUSION

Accordingly, Plaintiff's Motion to Amend/Correct Complaint, [dkt 27], is **GRANTED IN PART** and **DENIED AS MOOT IN PART**. Plaintiff's Motion to Treat Plaintiff's Reply as a Motion to Stay, [dkt. 30], is **GRANTED IN PART** and **DENIED IN PART**. The Court will treat Plaintiff's reply as a motion but the Court will not issue any stay.

The Court recommends that the magistrate judge hold a scheduling conference once an appearance has been entered for the newly added defendants.

08/24/2010

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

- 3 -

**Distribution via ECF only:**

Nicholas Calvin Deets
HOVDE LAW FIRM
ndeets@hovdelaw.com

Douglass Farnsley
STITES & HARBISON PLLC
dfarnsley@stites.com

Julie M. McDonnell
STITES & HARBISON
jmcdonnell@stites.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com