UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAY ROPP, ) | |
|     *Plaintiff*, ) | |
| ) | |
| *vs.* ) | 1:10-cv-0008-JMS-DML |
| ) | |
| STRYKER CORP., STRYKER BIOTECH, LLC, ) | |
| JOHN DOE, M.D., AND XYZ, P.C., ) | |
|     *Defendants*. ) | |

## ORDER TO SHOW CAUSE

In December 2009, Plaintiff Jay Ropp sued Stryker Corporation and Stryker Biotech, LLC (collectively, "Stryker") in Marion Superior Court, alleging claims for product liability, negligence, and breach of express and implied warranties regarding a device surgically implanted in Mr. Ropp in December 2007. [Dkt. 1.] Stryker removed the case to this Court, alleging that diversity jurisdiction existed. [Dkt. 1 at 2.]

In July 2010, Mr. Ropp moved to amend his complaint to add a claim for medical malpractice against "John Doe, M.D." and Dr. Doe's employer, "XYZ, P.C.," alleging that Dr. Doe negligently implanted the Stryker device during Mr. Ropp's surgery. [Dkts. 27 1-2; 27-5 at 1-2, 6.] In his Motion to Amend, Mr. Ropp asserted that he had filed a medical malpractice complaint with the Indiana Department of Insurance against Dr. Doe and XYZ at the time he filed this action. [Dkt. 27 at 2.] Mr. Ropp's Amended Complaint gave the newly-added defendants pseudonyms because pursuant to Indiana Code § 34-18-8-7, "[a]n action cannot be filed in court against qualified medical care providers in their own names until a Medical Review Panel issues an opinion." [Dkt. 27 at 2.]

Although Mr. Ropp felt compelled to sue Dr. Doe and XYZ anonymously pursuant to Indiana Code § 34-18-8-7, he asserted that Dr. Doe and XYZ had sufficient Indiana connections to

destroy diversity jurisdiction. [Dkt. 27 at 3.] Consequently, Mr. Ropp asked this Court to remand his case to state court.

Stryker did not object to Mr. Ropp's request to file an Amended Complaint but did object to the request to remand, arguing that 28 U.S.C. § 1441(a) requires the Court to ignore the citizenship of fictitiously-named defendants for purposes of determining diversity. [Dkt. 28 at 2 (citing *Thornburg v. Stryker Corp*, 2006 U.S. Dist. LEXIS 3452 (S.D. Ind. 2006) (Baker, J.), *approved by* 2006 U.S. Dist. LEXIS 41836 (S.D. Ind. 2006)).]

On reply, Mr. Ropp conceded that Stryker's objection concerning his remand request "appears to be well taken." [Dkt. 29 at 1.] Mr. Ropp requested a stay of discovery, however, to permit the medical review panel to issue an opinion regarding Dr. Doe and XYZ and to ensure that a pending criminal case against Stryker in the District of Massachusetts that may implicate discovery in this action could conclude. [Dkt. 29 at 3.]

The Court ultimately granted Mr. Ropp's Motion to Amend to add Dr. Doe and XYZ, denied the request for a stay, and denied Mr. Ropp's request for a remand as moot given Mr. Ropp's concession on reply. [Dkt. 35.]

## DISCUSSION

Despite the parties' mutual belief that federal jurisdiction exists, the Court must independently determine whether there is diversity among the parties. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). It cannot do so based on the current record.

### I. Failure to Properly Plead Citizenship of Dr. Doe and XYZ

Mr. Ropp does not properly plead the citizenship of Dr. Doe and XYZ. Specifically, Mr. Ropp alleges that Dr. Doe is an Indiana resident, but "residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Likewise, Mr. Ropp does not

allege the principal place of business of XYZ, which is a professional corporation. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (U.S. 2010) (holding that a corporation's principal place of business for purposes of federal diversity jurisdiction is determined by locating the company's "nerve center," which is typically found at the headquarters); *Hoagland v. Sandberg, Phoenix & Von Gontard, P.C.*, 385 F.3d 737, 739 (7th Cir. 2004) ("for purposes of the diversity jurisdiction a professional corporation should be treated like any other corporation").

Based on the facts of this case and Plaintiffs' attestations, in all likelihood, one or both of the anonymous defendants is an Indiana citizen. This would destroy diversity if Mr. Ropp (an Indiana citizen) were permitted to sue them under typical circumstances. The Court finds it troubling that the parties want to continue to use federal resources by engaging in what appears to be a jurisdictional fiction. Mr. Ropp and Stryker both know the actual names of Dr. Doe and XYZ. In fact, Dr. Doe and XYZ have retained counsel to defend them in this action. [Dkt. 38.]

This case raises a jurisdictional red flag that the Court cannot ignore. In light of Mr. Ropp's failure to properly plead the citizenship of Dr. Doe and XYZ, the Court **ORDERS** counsel for Dr. Doe and XYZ—Edward L. Murphy, Jr.—to file a statement by **December 1, 2010**, setting forth the citizenship of each of his clients.

## II. The Seventh Circuit's Prohibition on "John Does" in Diversity Cases

The parties previously briefed their respective views on the impact of suing anonymous defendants under Indiana Code § 34-18-8-7 on diversity jurisdiction. [Dkts. 27; 28; 29.] Given the Court's penchant for promptly resolving jurisdictional issues and in light of the parties' upcoming status conference with the assigned magistrate judge, the Court finds a discussion of case law regarding "John Does" in diversity cases to be necessary.

Stryker relied on *Bush v. Hospital One* and *Thornburg v. Stryker Corp.* to support its argument that adding Dr. Doe and XYZ as defendants in this action did not destroy diversity pur-

suant to 28 U.S.C. § 1441(a). [Dkt. 28 at 4-5; *see also* dkt. 28-1 (unpublished *Bush* order).] In light of this case law, Mr. Ropp withdrew his request to remand. [Dkt. 29 at 1.] The Court acknowledges that the parties in *Bush* and *Thornburg* were permitted to remain in federal court despite the fact that the defendants sued anonymously in those cases pursuant to Indiana Code § 34-18-8-7 were citizens of the same state as the respective plaintiffs. *Thornburg v. Stryker Corp*, 2006 U.S. Dist. LEXIS 3452 *2-*6 (S.D. Ind. 2006) (Baker, J.), *approved by* 2006 U.S. Dist. LEXIS 41836 (S.D. Ind. 2006); [dkt. 28-1 at 2 (*Bush* order)].

It does not appear, however, that the parties in *Bush* or *Thornburg* directed the Court to Seventh Circuit precedent generally prohibiting "John Doe" defendants in federal diversity suits. In *Howell v. Tribune Entertainment*, the Seventh Circuit began its opinion with "an issue of jurisdiction not remarked by the district court judge or the parties." 106 F.3d 215, 217 (7th Cir. 1997). The plaintiff in *Howell* sued a named defendant as well as an anonymous defendant, ABC Insurance Company, because the plaintiff's lawyer "had been unable to find out anything about ABC." *Id.* The Seventh Circuit implicitly approved of naming an anonymous defendant in a diversity suit for purposes of determining the name and citizenship of that party through discovery, but the core of *Howell*'s jurisdictional pronouncement focused on the Seventh Circuit's disfavor for anonymous defendants in diversity suits:

> States often allow a plaintiff to name an unknown party as an additional defendant. For that matter, so does federal law in a suit based on the federal question jurisdiction, which does not depend on the parties' addresses. But because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, "John Doe" defendants are not permitted in federal diversity suits.
>
> To this as to most legal generalizations there are exceptions. The obvious one, inapplicable to this case however, is if the "John Does" are merely nominal parties, irrelevant to diversity jurisdiction. And naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs. That exception is also inapplicable to this case,

> which was not removed. A quasi-exception, also inapplicable, is that the domicile of a fugitive defendant will be taken to be his domicile before he fled to discourage defendants from trying to defeat federal jurisdiction by such a tactic. So none of the exceptions applies here, and the plaintiff doesn't even have the excuse (not justification) of not knowing the defendant's name.

*Id.* at 218 (citations omitted). Unless one of the narrow exceptions applies, the plaintiff must prove that an anonymous defendant does not destroy diversity or risk having his suit dismissed for lack of jurisdiction. *See Holz v. Terre Haute Reg'l Hosp.*, 123 Fed. Appx. 712, *4 (7th Cir. 2004) (citing *Howell* to support dismissing claim for lack of subject matter jurisdiction because plaintiff failed to allege "John Doe" defendant's citizenship in what turned out to be a federal diversity suit); *Kelleck v. KBR, Inc.*, 2009 U.S. Dist. LEXIS 105730, *3 (N.D. Ind. 2009) (citing *Howell* to support holding that "John Doe plaintiffs aren't permitted in federal diversity suits because diversity jurisdiction must be proved by the plaintiff rather than assumed as a default").

Based on *Howell* and its progeny, the Court is not convinced that it has jurisdiction over Mr. Ropp's claim. The parties know well who Dr. Doe and XYZ actually are. Yet they ask the Court to engage in a troubling jurisdictional fiction simply because Indiana Code § 34-18-8-7 requires that Dr. Doe and XYZ be sued anonymously until the medical review panel issues its opinion. Therefore, assuming Dr. Doe and XYZ's forthcoming jurisdictional statement confirms their Indiana citizenship, the Court orders each party to each file a statement supporting its position on the effect of *Howell* and its progeny on this Court's jurisdiction.

**III. Conflict Between Indiana Code § 34-18-8-7 and Rule 10(a)**

In addition to the concerns expressed above, the Court is also concerned that the parties have ignored *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny. The *Erie* doctrine requires that "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also* 28 U.S.C. § 1652 (providing that state law provides the rules of decision in diversity cases unless

superseded by federal law). The line between the two types of law can sometimes be "difficult and nuanced." *Barron v. Ford Motor Co.*, 965 F.2d 195, 202 (7th Cir. 1992) (Ripple, J., concurring). Nonetheless, the Seventh Circuit applies a "shorthand" approach to the substance-versus-procedure dichotomy that resolves most disputes. *Id.* Specifically, "[r]ules of procedure . . . [promote] accuracy, efficiency, and fair play in litigation, without regard to the substantive interests of the parties . . . . Substantive rules, on the other hand, are concerned with directing behavior outside of the courtroom. They tell individuals, organizations and governments to do certain things or abstain from certain conduct on pain of some sanction." *Thomas*, 487 F.3d at 537.

In *Nixon v. Haag*, this Court held that an Indiana statute automatically staying discovery in suits brought under Indiana's Anti-SLAPP Act conflicted with the Federal Rules of Civil Procedure because "[t]he former purports to limit discovery to matters relevant to a motion to dismiss/motion for summary judgment under the Anti-SLAPP Act while the motion is pending[, but t]he latter expressly permits discovery into any nonprivileged matter that is relevant to any party's claim or defense, whether any motion is pending or not." 2009 U.S. Dist. LEXIS 58023 (S.D. Ind. 2009) (citations omitted). *Nixon* concluded that this conflict was a procedural one and that a party's assertion that Indiana had a "compelling, substantive interest in enforcing the narrowed scope of discovery" was insufficient to overcome the presumption in *Thomas* that federal procedure applied. *Id.* at *8-*9.

Rule 10(a) of the Federal Rules of Civil Procedure requires a complaint to include the names of all parties to the suit. This rule appears to be in direct conflict with the anonymity requirement of Indiana Code § 34-18-8-7. Therefore, assuming Dr. Doe and XYZ's statement confirms their Indiana citizenship, the Court orders each party to file a statement supporting its position on the effect of *Erie* and its progeny on this Court's jurisdiction.

## CONCLUSION

In light of Mr. Ropp's failure to properly plead the citizenship of Dr. Doe and XYZ in this diversity action, the Court **ORDERS** counsel for Dr. Doe and XYZ—Edward L. Murphy, Jr.—to file a jurisdictional statement by **December 1, 2010**, setting forth the citizenship of each of his clients. Assuming that this statement confirms that either Dr. Doe or XYZ is an Indiana citizen, the Court **ORDERS** each party to show cause by **December 15, 2010** why this action should not be remanded to state court based on *Howell* and its progeny, *Erie* and its progeny, and/or any other applicable jurisdictional doctrine. Specifically, each party should file a statement with supporting case law setting forth its position by **December 15, 2010,** and a response to the other parties' statements by **December 22, 2010**.

11/23/2010

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Nicholas Calvin Deets
HOVDE LAW FIRM
ndeets@hovdelaw.com

Douglass Farnsley
STITES & HARBISON PLLC
dfarnsley@stites.com

Julie M. McDonnell
STITES & HARBISON
jmcdonnell@stites.com

Edward L. Murphy Jr
MILLER MURPHY & MILLER LLP
elm@millermurphymiller.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com