UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAY ROPP,<br>    *Plaintiff*, | )<br>)<br>) |
| *vs.* | )   1:10-cv-0008-JMS-MJD<br>) |
| STRYKER CORP., *et al.*,<br>    *Defendants.* | )<br>) |

## ORDER REMANDING ACTION TO STATE COURT

Currently pending before the Court is Defendant Stryker Corporation and Stryker Biotech, LLC's (collectively, "Stryker") Motion to Sever and Dismiss Plaintiffs' claims against Defendants Ortho NorthEast, P.C. and Dr. John C. Pritchard (collectively, the "anonymous defendants" or "Ortho and Pritchard"). [Dkt. 46.] For the reasons detailed herein, the Court denies Stryker's motion and remands this action to state court.

### BACKGROUND

Plaintiff Jay Ropp filed this action in state court against Stryker in December 2009, alleging claims for product liability, negligence, and breach of express and implied warranties regarding a device surgically implanted in Mr. Ropp in December 2007. [Dkt. 1-3.] Stryker removed the case to this Court, alleging that diversity jurisdiction existed. [Dkt. 1 at 2.]

In July 2010, Mr. Ropp moved to amend his complaint to add a claim for medical malpractice against "John Doe, M.D." and Dr. Doe's employer, "XYZ, P.C.," alleging that Dr. Doe negligently implanted the Stryker device during Mr. Ropp's surgery. [Dkts. 27 1-2; 27-5 at 1-2, 6.] In his Motion to Amend, Mr. Ropp asserted that he had filed a medical malpractice complaint with the Indiana Department of Insurance against Dr. Doe and XYZ at the time he filed this action. [Dkt. 27 at 2.] Mr. Ropp's Amended Complaint gave the newly-added defendants pseudonyms because pursuant to Indiana Code § 34-18-8-7, "[a]n action cannot be filed in court

- 1 -

against qualified medical care providers in their own names until a Medical Review Panel issues an opinion." [Dkt. 27 at 2.]

Although Mr. Ropp felt compelled to sue Dr. Doe and XYZ anonymously pursuant to Indiana Code § 34-18-8-7, he asserted that Dr. Doe and XYZ had sufficient Indiana connections to destroy diversity jurisdiction. [Dkt. 27 at 3.] Consequently, Mr. Ropp asked this Court to remand his case to state court. Stryker did not object to Mr. Ropp's request to file an Amended Complaint but did object to the earlier request to remand, arguing that 28 U.S.C. § 1441(a) requires the Court to ignore the citizenship of fictitiously-named defendants for purposes of determining diversity. [Dkt. 28 at 2.] On reply, Mr. Ropp conceded that Stryker's objection concerning his remand request "appears to be well taken." [Dkt. 29 at 1.] Mr. Ropp requested a stay of discovery, however, to permit the medical review panel to issue an opinion regarding Dr. Doe and XYZ and to ensure that a pending criminal case against Stryker in the District of Massachusetts that may implicate discovery in this action could conclude. [Dkt. 29 at 3.]

The Court ultimately granted Mr. Ropp's Motion to Amend to add Dr. Doe and XYZ, denied the request for a stay, and denied Mr. Ropp's request for a remand as moot given Mr. Ropp's concession on reply. [Dkt. 35.]

Several months later, because Mr. Ropp is an Indiana citizen and it appeared that the anonymous defendants were also Indiana citizens, the Court issued a show cause order that required the parties to address why this action should not be remanded to state court. The Court cited Seventh Circuit precedent prohibiting anonymous defendants in diversity cases and the conflict between Indiana Code § 34-18-8-7 and Federal Rule of Civil Procedure 10(a). [Dkt. 41.] In response to that order, Ortho and Pritchard waived their anonymity and confirmed that they are both Indiana citizens that destroy diversity jurisdiction. [Dkts. 42, 43.]

After Ortho and Pritchard waived their anonymity, Stryker filed a Motion to Sever and Dismiss Mr. Ropp's claims against Ortho and Pritchard from his claims against Stryker. [Dkt. 46.] Stryker admits that "this Court lacks jurisdiction to preside over the medical malpractice claims against [Ortho and Pritchard]." [Dkt. 47 at 1]. Stryker asks the Court to sever those claims from this case and to retain jurisdiction over Mr. Ropp's claims against Stryker because "Stryker should not now be required to return to state court because plaintiff unsuccessfully attempted to consolidate his claims against Stryker and [Ortho and Pritchard] in one proceeding." [Dkt. 47 at 6.]

Mr. Ropp objects to Stryker's request to sever and dismiss his claims against Ortho and Pritchard, arguing that they are indispensible parties that cannot be severed and dismissed from the case. [Dkt. 50 at 10.] Therefore, Mr. Ropp asks the Court to remand this matter in its entirety to Marion Superior Court. [*Id.*]

Ortho and Pritchard did not respond to Stryker's Motion to Sever. In their response to the show cause order, however, Ortho and Pritchard contended that their waiver of anonymity "rendered any discussion with respect to diversity of citizenship and any alleged exceptions moot." [Dkt. 49 at 4.] For that reason, they ask the Court to dismiss them from this action. [*Id.*]

## DISCUSSION

### I. Show Cause Order

It is unclear whether this Court could have retained jurisdiction over Mr. Ropp's claims if Ortho and Pritchard had not waived their anonymity, which is why the Court issued the show cause order described above. [Dkt. 41; *but see Thornburg v. Stryker Corp*, 2006 U.S. Dist. LEXIS 3452 *2-*6 (S.D. Ind. 2006) (Baker, J.), *approved by* 2006 U.S. Dist. LEXIS 41836 (S.D. Ind. 2006) (retaining jurisdiction despite fact that defendants were sued anonymously pursuant to Indiana Code § 34-18-8-7 and were citizens of the same state as the respective plaintiffs).]

Ortho and Pritchard's decision to waive anonymity, however, renders the jurisdictional issues raised in the show cause order moot. Therefore, the Court discharges the show cause order and proceeds to the merits of Stryker's motion.

## II. Effect of Ortho and Pritchard Waiving Their Anonymity

There is no dispute that Stryker properly removed this case to federal court after Mr. Ropp sued Stryker in state court. Following that removal, however, Mr. Ropp sought to join Ortho and Pritchard under anonymous monikers. [Dkt. 27.] Mr. Ropp asserted that joinder would destroy diversity jurisdiction and requested that the case be remanded to state court. [*Id.* at 3.] Stryker "d[id] not oppose the amendment" but argued that Ortho and Pritchard's citizenship was irrelevant and that Mr. Ropp's remand request should be denied. [Dkt. 28 at 2.] Mr. Ropp withdrew his remand request on reply, and the Court granted Mr. Ropp's motion to file an amended complaint asserting claims against Ortho and Pritchard. [Dkt. 35.] The parties do not ask the Court to reconsider its decision to allow Mr. Ropp to join Ortho and Pritchard as defendants. Instead, the parties disagree about what the Court should do now that Ortho and Pritchard have revealed their identity and confirmed that they are Indiana citizens.

Joinder of a nondiverse party after removal destroys subject matter jurisdiction. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). The Court's only two options are either to deny joinder or to permit joinder and remand the action to state court. *Id.* (citing 28 U.S.C. § 1447(e)). "[T]he district court may not permit joinder of a nondiverse defendant and retain jurisdiction." *Schur*, 577 F.3d at 759. Presumably, a district court will remand a suit to state court for lack of diversity jurisdiction if a plaintiff amends its complaint to add claims against a non-diverse party. *Todd v. Merrell Dow Pharmaceuticals, Inc.*, 942 F.2d 1173, 1178 (7th Cir. 1991).

Stryker concedes that this Court lacks subject matter jurisdiction over Mr. Ropp's claims against Ortho and Pritchard. [Dkts. 47 at 3; 48 at 5.] Stryker completely ignores the issue of the lack of diversity of citizenship, however, and instead argues that this Court lost jurisdiction over the claims against Ortho and Pritchard (and only those claims) when Ortho and Pritchard waived their anonymity. Stryker emphasizes that Indiana Code § 34-18-8-7 does not contemplate a defendant waiving its anonymity and contends that "Indiana law requires dismissal of the claims against [Ortho and Pritchard]" because the medical review panel hasn't issued its decision yet. [Dkt. 47 at 3-4.] Therefore, Stryker ask this Court to dismiss Mr. Ropp's claims against Ortho and Pritchard and retain jurisdiction over the claims against Stryker. [Dkt. 53 at 7.]

Indiana Code § 34-18-8-7 authorizes a plaintiff to "commence an action in court for malpractice at the same time the claimant's proposed complaint is being considered by the medical review panel." However, the plaintiff's complaint may not contain any information that would allow a third-party to identify the defendant. I.C. § 34-18-8-7(a)(1). The purpose of the anonymity provision is to protect the medical provider's anonymity while panel review is pending because plaintiffs "are often challenged to timely identify which of several health care providers or related entities potentially may share legal responsibility for an alleged medical error" and those providers may later be exonerated through the discovery process. *Kho v. Pennington*, 875 N.E.2d 208, 214 (Ind. 2007).

The Court disagrees with Stryker that Mr. Ropp cannot pursue his claims against Ortho and Pritchard in court simply because they waived their anonymity. Indiana Code § 34-18-8-7 specifically contemplates a civil action pending in court "at the same time" the matter is being considered by the medical review panel, and Mr. Ropp complied with the statutory requirement not to include any information in his complaint identifying Ortho or Pritchard. Instead, Ortho

and Pritchard voluntarily waived their anonymity. Nothing in the statute supports Stryker's assertion that a court loses jurisdiction if a provider voluntarily identifies himself. In fact, if the Court were to agree with Stryker's position, it would incentivize anonymous defendants in medical malpractice cases to voluntarily identify themselves and immediately move for dismissal to bring an end to the pending litigation. Stryker's position ignores the plain language of Indiana Code § 34-18-8-7 that allows an action to proceed while the medical review panel is considering the claim.

Stryker's reliance on *Hubbard v. Columbia Women's Hospital of Indianapolis* is misplaced. 807 N.E.2d 45 (Ind. Ct. App. 2004). In *Hubbard*, the plaintiff failed to comply with the requirements of Indiana Code § 34-18-8-7 and erroneously identified the defendant. Additionally, the plaintiff did not submit a proposed complaint for medical malpractice to the medical review panel for review. *Id.* at 51. The Indiana Court of Appeals concluded that the proper course of action when "a <u>plaintiff</u> fails to comply with the Act" is to dismiss the complaint without prejudice. *Id.* (emphasis added). Unlike the plaintiff in *Hubbard*, however, there is no allegation that Mr. Ropp failed to comply with the Medical Malpractice Act. Therefore, *Hubbard* is inapplicable and does not support Stryker's assertion that the Court must dismiss Mr. Ropp's claims against Ortho and Pritchard because they voluntarily waived their anonymity.[1]

### III. Severing Claims

There is no dispute that Mr. Ropp, Ortho, and Pritchard are all citizens of Indiana and that this destroys the Court's diversity jurisdiction. Nevertheless, Stryker asks the Court to sever

---

[1] The other cases Stryker cites are also inapplicable. *Rice v. Correctional Medical Services* is a prisoner's rights claim pursued under 42 U.S.C. § 1983, and the district court specifically noted that the plaintiff "didn't file suit pursuant to [Indiana Code § 34-18-8-7]." 596 F. Supp. 2d 1208, 1225 (N.D. Ind. 2009). *Hines v. Elkhart General Hospital*, 603 F.2d 646 (7th Cir. 1979), and *Castelli v. Steele*, 700 F. Supp. 449, 455 (S.D. Ind. 1988), were decided before Indiana Code § 34-18-8-7 was enacted in July 1999.

the claims against Ortho and Pritchard and retain jurisdiction over Mr. Ropp's claims against Stryker. [Dkt. 47 at 4.]

First, Stryker argues that it would be "fundamentally unfair" to remand the entire case to state court because that court also lacks jurisdiction over Mr. Ropp's claims against Ortho and Pritchard now that they have identified themselves. [Dkt. 47 at 6.] In Stryker's view, the state court would be required to dismiss the claims against Ortho and Pritchard, and although only non-diverse parties would remain, Stryker could not remove the case to federal court because of the one-year limitation in 28 U.S.C. § 1446(b). [*Id.*] But the Court has already rejected Stryker's argument that Ortho and Pritchard's decision to waive their anonymity divests any court of jurisdiction. Moreover, any challenges to the state trial court's jurisdiction should be presented to and decided by that court.

Second, Stryker argues that Ortho and Pritchard are not indispensable parties pursuant to Federal Rule of Civil Procedure 19 because their presence is not required for Mr. Ropp to prosecute his action. [Dkt. 47 at 5-6.] Stryker relies on the Seventh Circuit's decision in *Todd* to support its argument that a physician who allegedly commits malpractice is not an indispensable party in a product liability action. [Dkt. 47 at 5.] Stryker ignores the disparate facts in *Todd*. In *Todd*, the plaintiff sued a drug manufacturer and informed the district court that she intended to join a non-diverse medical provider as an additional defendant. 942 F.2d at 1174. The plaintiff never actually moved to join the provider, however, and summary judgment was ultimately entered in favor of the drug manufacturer. On appeal, the plaintiff argued that the provider was an indispensable party as a matter of law, but the Seventh Circuit held that she had waived her argument because she did not actually move to join the provider and did not raise the issue until after the district court had granted summary judgment in favor of the drug manufacturer. *Id.* at

1177-78.  The Seventh Circuit noted that if the plaintiff had actually joined the non-diverse medical provider, "[t]he district court presumably should have remanded <u>this suit</u> to state court for lack of diversity jurisdiction."  *Id.* at 1178 (emphasis added).

The case at bar presents different circumstances than those in *Todd* because Mr. Ropp already joined Ortho and Pritchard as defendants—a decision that Stryker did not object to and does not ask the Court to reconsider.  Interestingly, *Todd* was decided before the Indiana legislature enacted the anonymity provision of the Medical Malpractice Act, so the medical provider's name and non-diverse citizenship were readily apparent in that case.  Ortho and Pritchard have waived their anonymity and confirmed that they are citizens of the same state as Mr. Ropp.  Therefore, this Court is presented with the same circumstances that caused the Seventh Circuit in *Todd* to remark that the district court should have remanded "this suit" to state court for lack of diversity jurisdiction had the plaintiff joined the non-diverse medical provider.  *Id.*  Although this comment is dicta, it provides a telling glimpse into how the Seventh Circuit would decide the matter at hand.  *See Allen v. Transamerica Ins. Co.*, 128 F.3d 462, 467 (7th Cir. 1997) (using dicta to predict how another court would decide an issue).

Moreover, Mr. Ropp sought to join Ortho and Pritchard because of his desire to avoid inconsistent judgments on the product liability and medical malpractice claims.  [Dkt. 27 at 3.]  Mr. Ropp's request was based on Stryker's decision to assert affirmative defenses regarding the fault of others, including medical providers.  [Dkt. 7 at 5 ¶ 5, 7 ¶¶ 16, 18, 19.]  Stryker did not object to Mr. Ropp's request to add Ortho and Pritchard, and it pled the same affirmative de-

fenses in its Answer to Mr. Ropp's Amended Complaint.[2]  [Dkt. 37 at 5 ¶ 5, 7 ¶¶ 16, 18, 8 ¶ 19.]

Contrary to Stryker's argument, and but for the diversity issue, Rule 19(a)(1)(A) recognizes that a party is considered "required" if "in that person's absence, the court cannot accord complete relief." Rule 19(b)(1) also directs the Court to consider the extent to which a judgment rendered in the person's absence might prejudice the existing parties. All parties agree that this Court can no longer adjudicate Mr. Ropp's claims against Ortho and Pritchard. Remanding only those claims to state court while maintaining federal jurisdiction over the claims against Stryker, however, may subject Mr. Ropp to inconsistent rulings between federal and state courts that produce an inequitable result. *See Sta-Rite Indus. v. Allstate Ins. Co.*, 96 F.3d 281, 286 (7th Cir. 1996) (holding that the potential for inconsistent rulings between federal and state courts and the potential for an inequitable result creates substantial prejudice to a party and precludes the federal courts from affording complete relief). This potential, combined with Stryker's failure to object to Ortho and Pritchard's original joinder, requires the Court to deny Stryker's motion to sever and to remand the entire action to state court pursuant to 28 U.S.C. § 1447(d).

## CONCLUSION

The Court's show cause order is **DISCHARGED**. [Dkt. 41.]  For the reasons detailed herein, the Court **DENIES** Stryker's Motion to Sever and Dismiss. [Dkt. 46.]  Because the Court no longer has subject matter jurisdiction over Mr. Ropp's claims, the Court **REMANDS** this case to Marion Superior Court pursuant to 28 U.S.C. § 1447(d). Judgment will issue accordingly.

---

[2] Stryker's argument on reply that the Indiana Comparative Fault Act does not apply in federal court is unconvincing and ignores a multitude of federal cases that have applied the doctrine. *See, e.g.*, *Van Bumble v. Wal-Mart Stores, Inc.*, 407 F.3d 823 (7th Cir. 2005); *Gray v. Chacon*, 684 F. Supp. 1481 (S.D. Ind. 1988); *see also Todd*, 942 F.2d at 1177 n.2 (noting, without deciding the issue, a party's "strong argument" that Indiana's comparative negligence should govern diversity actions in federal court because it "appears to possess substantive attributes").

01/26/2011

*signature*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Nicholas Calvin Deets
HOVDE LAW FIRM
ndeets@hovdelaw.com

Douglass Farnsley
STITES & HARBISON PLLC
dfarnsley@stites.com

Julie M. McDonnell
STITES & HARBISON
jmcdonnell@stites.com

Edward L. Murphy Jr.
Murphy Law Group
emurphy@murphylawgroup.net

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com